UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOEL D. JOSEPH,

                                          Plaintiff,

                                                                 Case # 17-CV-814-FPG

v.

                                                                 DECISION AND ORDER

BUFFALO NEWS, INC.,

                                          Defendant.

## INTRODUCTION

On December 29, 2016, pro se Plaintiff Joel D. Joseph filed a complaint in the United States District Court for the District of Delaware alleging that Defendant Buffalo News, Inc., (BN) infringed Joseph's copyright in an article he authored that BN published. *See* ECF No. 1. On August 17, 2017, the case was transferred to this Court. ECF Nos. 22-24.

Two weeks later, on August 31, BN moved to dismiss the Complaint or, in the alternative, for summary judgment. ECF No. 27. Two weeks after that, on September 14, Joseph moved for leave to amend the Complaint. ECF No. 32. After BN's motion was fully briefed, Joseph filed a sur-reply without leave of Court, which BN moved to strike. ECF Nos. 37-39.

## DISCUSSION

**I.    Preliminary Issues**

    **A.    The Court Will Not Construe Joseph's Submissions Liberally**

It is well established that the Court must construe pro se submissions liberally and read them "to raise the strongest arguments that they suggest." *Nicholas v. City of New York*, No. 15-CV-9592 (JPO), 2017 WL 2537293, at *2 (S.D.N.Y. June 12, 2017) (quoting *Ortiz v. McBride*,

323 F.3d 191, 194 (2d Cir. 2003)). Those principles, however, do not apply to Joseph's submissions. Courts within the Second Circuit have declined to liberally construe pleadings of seasoned attorneys proceeding pro se. *Chira v. Columbia Univ.*, 289 F. Supp. 2d 477, 482 (S.D.N.Y. 2003). In his Motion for Authorization to File Electronically, Joseph states that he is "a graduate of Georgetown University Law Center and [has] practiced law in many jurisdictions for more than 40 years." ECF No. 11. Consequently, the Court will not construe his submissions liberally.

### B. The Court Will Exclude Matters Presented to It Outside of the Pleadings and Construe BN's Motion as a Motion to Dismiss

BN moves to dismiss the Complaint or, in the alternative, for summary judgment. Under Federal Rule of Civil Procedure 12(d), the Court must construe a motion under Rule 12(b)(6) as one under Rule 56 if matters outside the pleadings are presented to, and not excluded by, the Court. Here, the Court will exclude the matters presented outside the Complaint and, therefore, interpret BN's Motion solely as one to dismiss under Rule 12(b)(6). *See Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, 206 F. Supp. 3d 869, 886 n.2 (S.D.N.Y. 2016).

### C. The Court Finds Emails Exchanged Between Joseph and BN Integral to the Complaint and Will Consider Them when It Decides BN's Motion to Dismiss

The Court will not, however, exclude documents integral to the Complaint. The Court may consider a document outside a complaint "where the complaint relies heavily upon its terms and effect, which renders the document 'integral' to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002) (quotation marks and citations omitted). With respect to documents that are deemed "integral" to the complaint, "it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document" and that "there exist no material disputed issues of fact regarding the relevance of the document." *Faulkner v. Beer*, 463

F.3d 130, 134 (2d Cir. 2006). To reiterate, "a plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough. *Chambers*, 282 F.3d at 153 (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991)).

Here, BN argues that the Court may consider emails exchanged between Joseph and BN because they are integral to the Complaint based on Joseph's assertion that he asked BN for payment and BN refused. ECF No. 27-2 at 10 (citing ECF No. 1 ¶ 10). The Court agrees with BN. First, there can be no dispute as to the authenticity, accuracy, or relevance of the emails because they constitute the entire exchange between Joseph and representatives of BN regarding the article Joseph authored and BN published. Likewise, Joseph indisputably had knowledge of the emails because he wrote and sent them. Finally, Joseph relies on the terms and effects of the emails in his Complaint—without the emails, Joseph would not have sent the article to BN, would not have demanded payment, and would not have been subsequently rebuffed by BN. Consequently, the Court finds that the emails contained in pages 20 and 24-27 of ECF No. 27-1 are integral to the Complaint and the Court will consider them when it decides BN's Motion to Dismiss the Complaint.

### D. The Court Will Not Consider Joseph's Sur-reply

BN moves the Court to strike Joseph's sur-reply filed in opposition to BN's Motion to Dismiss. ECF Nos. 37-38. Generally, courts will not consider arguments raised for the first time in a reply brief. *E.g., Popat v. Levy*, 253 F. Supp. 3d 527, 539 n.3 (W.D.N.Y. 2017). As a result, although the Court denies BN's Motion to Strike, it will not consider any arguments Joseph raises in his sur-reply.

## II. Motion to Dismiss

### A. Legal Standard

A complaint will survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) when it states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). A claim for relief is plausible when the plaintiff pleads sufficient facts that allow the Court to draw reasonable inferences that the defendant is liable for the alleged conduct. *Iqbal*, 556 U.S. at 678.

In considering the plausibility of a claim, the Court must accept factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). At the same time, the Court is not required to accord "[l]egal conclusions, deductions, or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (quotation marks omitted).

### B. Background[1]

In January of 2015, Joseph wrote an article entitled "Manufacturing Tax of Zero." That same year, Joseph filed for and received a copyright registration on the article from the United States Copyright Office.[2]

On August 24, Joseph emailed the article to editors at BN with the subject line "Oped: Manufacturing Tax of Zero." The body of the email contains only the article and no other statements from Joseph.

---

[1] The Court takes the following allegations from the Complaint, ECF No. 1, and accepts them as true. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

[2] Joseph attached a copy of the registration to his Complaint. ECF No. 1 ¶ 8; Ex. A. The registration document is difficult to read, but it appears that the date of certification at the bottom of the documents says "March 15, 2016."

On September 9, Carol Feind, then Viewpoints Editor at BN, replied, saying, "Dear Joel, I think I'll have a spot for this in our Sunday Viewpoints section on Sept. 13. Thank you. Regards, Carol Feind." Later that same day, Joseph replied: "Great. Thanks[.]"

Feind's word was true: on September 13, 2015, BN published Joseph's article.

In response, Joseph sent an invoice for an undisclosed amount of money to one of BN's clerks for his article. John P. Neville, then Editorial Page Editor, began an email exchange with Joseph on October 19, 2015, in which Joseph again demanded payment for the article and Neville, on behalf of BN, refused.[3] This lawsuit followed.

### C. BN's Motion to Dismiss the Complaint Is Granted Because BN Had the Privilege to Publish Joseph's Article Under 17 § 201(c)

A plaintiff must plausibly allege two elements for a copyright infringement claim to survive a motion to dismiss: (1) ownership of a valid copyright and (2) unauthorized copying by the defendant. *See Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 886 F. Supp. 1120, 1125 (S.D.N.Y 1995). A certificate of copyright is prima facie evidence of the first element and the originality of the work. *See Associated Press v. Meltwater U.S. Holdings, Inc.*, 931 F. Supp. 2d 537, 550 (S.D.N.Y. 2013).

In this case, Joseph holds a certificate of copyright. Even if he did not, there appears to be no dispute between the parties that Joseph holds a valid copyright over his article and that BN "copied" the article by publishing it. The only issue, therefore, is whether BN's actions were unauthorized.

---

[3] Neville offered to remove the article from BN's website. It appears that Joseph did not respond to the offer.

In *New York Times Co. v. Tasini*,[4] the United States Supreme Court construed 17 U.S.C. § 201(c), which governs the ownership of copyright for contributions to collective works. 533 U.S. 483 (2001) (*Tasini II*); *see also* 17 U.S.C. § 201(c). The Supreme Court interpreted the statute in the specific context of freelance reporters contributing articles to newspapers and magazines—the articles were the "contributions" and the newspapers and magazines were the "collective works." *Id.* at 493-94. The newspapers and magazines would "negotiate due-dates, word counts, subject matter and price[,]" but never sought "an express transfer of rights under the [freelance reporters'] copyrights." *Tasini v. New York Times Co.*, 206 F.3d 161, 164 (2d Cir. 2000), *aff'd*, 533 U.S. 483 (2001). The Supreme Court explained that freelance reporters maintain copyright in their articles after they submit them to newspapers, but grant newspapers the "privilege" of publishing the article absent an express transfer of the copyright or any rights under it. *Id.* at 496; *see also* 17 U.S.C. § 201(c).

Here, BN's publication of Joseph's article was authorized under *Tasini II* and 17 U.S.C. § 201(c). Joseph sent his article to BN without an express agreement regarding the transfer of copyright or any rights to which he was entitled under it. He negotiated no restriction on the ability of BN to publish the article and did not request payment for the right to publish it before its publication. As a result, BN was left to conclude only that it had the privilege to publish the article as explained in *Tasini II* and 17 U.S.C. § 201(c).

To clarify, *Tasini II* and 17 U.S.C. § 201(c) explain the *ownership* of the copyright of a contribution and a collective work when the contribution is made to the collective work, not when a newspaper is authorized to publish an article. But, in making that explanation, they also note

---

[4] Joseph made several arguments under the *Tasini II* decision in his sur-reply, which the Court is not considering. The Court uses *Tasini II* only to the extent that the Court encountered it while conducting its own research and that it applies to this case.

that a collective work has the privilege to publish the contribution unless an express agreement mandates otherwise. It is that final principle that applies to this case and authorized BN to publish Joseph's article without payment.

## III. Motion for Leave to Amend

Under Federal Rule of Civil Procedure 15(a)(2), district courts should freely give a plaintiff leave to amend his complaint "when justice so requires." It is "within the sound discretion of the district court," however, to grant or deny leave to amend. *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018). Indeed, "[l]eave to amend may be denied 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *Id.* (citing *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)).

Here, the Court denies Joseph's Motion for Leave to Amend because his proposed amendments are futile. The changes he proposes, as seen in ECF No. 32-4, suffer the same fatal flaw as his current Complaint—they do not show that Joseph restricted the publication of his article, conditioned publication on payment, or negotiated any express agreement with BN regarding his copyright or the rights it grants him. The Proposed Amended Complaint does allege that he "did not give permission to [BN] to publish the article without compensation." ECF No. 32-4 ¶ 10. Again, however, *Tasini II* and 17 U.S.C. § 201(c) are clear: a freelance reporter grants a newspaper the privilege to publish his work unless there is an express agreement regarding the copyright, or the rights under it, to the contrary.

## CONCLUSION

For the foregoing reasons, BN's Motion to Dismiss, ECF No. 27, is GRANTED, its Motion to Strike, ECF No. 38, is DENIED, and Joseph's Motion for Leave to Amend, ECF No. 32, is DENIED. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: August 22, 2018
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court